IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,046-04






EX PARTE FRANK MOORE









ON APPLICATION FOR WRIT OF HABEAS CORPUS AND MOTION FOR
STAY OF EXECUTION FROM CAUSE NO. 1994-CR-2047

IN THE 226TH DISTRICT COURT

BEXAR COUNTY




 Per Curiam. Womack, J., filed a concurring statement. Keasler, J., filed a
concurring statement in which Price, J., joined. Hervey, J., not participating.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for
stay of execution.

 Applicant was originally convicted of capital murder and sentenced to death in
June 1996. This Court reversed his conviction and sentence on direct appeal. Moore v.
State, 969 S.W.2d 4 (Tex. Crim. App. 1998). In January 1999, this Court dismissed the
writ application filed on the conviction. Ex parte Moore, No. WR-40,046-01 (Tex. Crim.
App. Jan. 27, 1999)(not designated for publication). In July 1999, another jury found
applicant guilty of capital murder. The jury answered the special issues submitted
pursuant to Texas Code of Criminal Procedure Article 37.071, and the trial court,
accordingly, set applicant's punishment at death. This Court affirmed applicant's
conviction and sentence on direct appeal. Moore v. State, No. AP-73,526 (Tex. Crim.
App. Jan. 9, 2002)(not designated for publication). On February 28, 2001, applicant filed
an initial Article 11.071 writ application in the trial court in which he raised thirty-five
claims, including claims regarding the admission of evidence regarding the victim's
reputation for violence and claims of ineffective assistance of counsel. This Court denied
relief on May 14, 2003. Ex parte Moore, No. WR-40,046-02 (Tex Crim. App. May 14,
2003)(not designated for publication). 

 Applicant filed his first subsequent writ application in the trial court on March 13,
2006. He raised two claims: (1) that his due process rights were violated by the
suppression of Brady evidence; and (2) that his due course of law rights were violated by
law enforcement's failure to investigate alternate theories of the crime. This Court found
that the allegations did not meet the dictates of Article 11.071, § 5, and dismissed the
application. Ex parte Moore, No. WR-40,046-03 (Tex. Crim. App. Mar. 13, 2006)(not
designated for publication). 

 On November 18, 2008, applicant filed this his second subsequent application. 
Applicant raises a single claim in this application in which he asserts that he is actually
innocent based on the newly discovered statements of three individuals. Applicant has
failed to make a prima facie case of actual innocence. Therefore, we find that this
allegation does not meet the dictates of Article 11.071, § 5. Accordingly, applicant's
application is dismissed as an abuse of the writ, and his motion for stay is denied.

 IT IS SO ORDERED THIS THE 18TH DAY OF DECEMBER, 2008.


Do Not Publish